No. 87-340

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

———————————————

CARELESS CREEK RANCH CO.,

        Plaintiff and Respondent,

  -vs-

JAMES W. MURNION,

        Defendant and Appellant.

———————————————

APPEAL FROM:  District Court of the Fourteenth Judicial District,
In and for the County of Wheatland,
The Honorable Roy Rodeghiero, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Sandall, Cavan, Smith & Grubbs; John J. Cavan,
Billings, Montana

    For Respondent:

        Crowley, Haughey, Hanson, Toole & Dietrich; William
J. Mattix, Billings, Montana

———————————————

Submitted on Briefs:  Oct. 22, 1987

Decided:  January 19, 1988

Filed: JAN 1 9 1988

*Ethel M. Harrison*

———————————————
Clerk

Mr. Justice R. C. McDonough delivered the Opinion of the Court.

This is an appeal from an injunctive order issued in the District Court, Fourteenth Judicial District, Wheatland County, requiring Murnion to remove from his reservoir six feet of overflow pipe which had increased the height and extent of the reservoir. We affirm.

Careless Creek Ranch Company owns land in Wheatland and Golden Counties of Montana. Murnion also owns land in Wheatland County adjacent to Careless Creek's land. Murnion maintains an irrigation reservoir on his property of 16 acres that is entirely surrounded by Careless Creek's land. When Murnion first purchased the property from his predecessor's in interest in 1972, the dam was in need of repair. Murnion repaired the dam and in doing so increased the size and capacity of the reservoir. Murnion also raised by four feet the height of the overflow pipe or trickle tube that controls the water level of the reservoir. This adjustment resulted in waters encroaching on to Careless Creek's land.

In 1978 spring runoff washed out Murnion's dam. Murnion rebuilt the dam, again increasing the height and length of the dam. Approximately five years later in 1984 Murnion added a six foot extension to the overflow pipe to increase storage capacity. Consequently, more water could encroach upon Careless Creek's property when the reservoir was full. Careless Creek brought the action below for trespass and injunctive relief to remove the six foot extension of the overflow pipe and prevent the water from backing up on their land. The issue on appeal is whether the injunction was improper because it deprived Murnion of his right of private eminent domain.

The District Court held that Murnion's § 85-2-414, MCA, eminent domain argument was not a proper affirmative defense. Because Murnion had not initiated a condemnation action in accordance with Montana's eminent domain statutes §70-30-101, et. seq., MCA, pursuant to § 85-2-414, MCA, his eminent domain argument was without merit. The court further held that even if the defendant had instituted an action under § 85-2-414, MCA, he would have no rights under the statute because the statute has been interpreted as granting a right to raise the water level "sufficiently to make the water enter a ditch." State ex rel Crowley v. District Court (1939), 108 Mont. 89, 104, 88 P.2d 23, 30.

Section 85-2-414, MCA, provides:

> Conduction of water. The right to conduct water from or over the land of another for any beneficial use includes the right to raise any water by means of dams, reservoirs, or embankments to a sufficient height to make the same available for the use intended, and the right to any and all land necessary therefor may be acquired upon payment of just compensation in the manner provided by law for the taking of private property for public use. If it is necessary to conduct the water across the right-of-way of any railroad, it shall be the duty of the owners of the ditch or flume to give 30 days' notice in writing to the owner or owners of such railway of their intention to construct a ditch or flume across the right-of-way of such railroad, the point at which the ditch or flume will cross the railroad, and the time when the construction of said ditch or flume will be made. If the owner or owners of such railroad or their agent fail to appear and attend at the time and place fixed in said notice, it shall be lawful for the owner or owners of the said flume or ditch to construct the same across the right-of-way of such railroad without further notice to said owner or owners of the railroad.

Murnion asserts that this statute coupled with Montana's strong policy in favor of the maximum development and

3

conservation of water resources gives him the power of eminent domain to condemn Careless Creek's property for his irrigation reservoir. Murnion also argues that Careless Creek cannot obtain injunctive relief and can only pursue an action for inverse condemnation.

An action to condemn land pursuant to § 85-2-414, MCA, must follow the eminent domain proceedings of § 70-30-101 et. seq., MCA, "all land necessary therefor may be acquired upon payment of just compensation in the manner provided by law for the taking of private property for public use." Section 85-2-414, MCA. Section 70-30-202, MCA, provides that all eminent domain proceedings must be commenced by filing a complaint in district court. After the complaint is filed, the district court must set a hearing to determine if a preliminary condemnation order is appropriate. Section 70-30-206, MCA. If the court issues a preliminary condemnation order, the party whose land is being appropriated must file a statement of his claim for just compensation. The appropriator must either accept the claim or condemnation commissioners are appointed to assess compensation subject to appeal. Section 70-30-207, MCA. No proceeding has been commenced by Murnion. He cannot contend that his right of eminent domain has been taken away when he has not even initiated the proper procedures to pursue the action. We hold that the District Court properly interpreted the law.

Although the fact that Murnion has not initiated eminent domain proceedings is determinative, the District Court correctly held that under the facts of this case even if the defendant had initiated eminent domain proceedings he would have no rights under § 85-2-414, MCA. Section 85-2-414, MCA, supra, allows the raising of water "to a sufficient height to make the same available for the use intended." Section 85-2-414, MCA. Murnion's reservoir is

4

already at a sufficient height for the use intended, irrigation. His headgate which conveys water to the ditch is on the bottom of the dam. Therefore, the water level is already raised "sufficient to make the water enter a ditch." Crowley, 88 P.2d at 30. Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices